UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KURT ALFRED AMUNDSON,

    Petitioner,

                                          CASE NO. 1:10-CV-165
v.                                                          CASE NO. 1:07-CR-141-01

UNITED STATES OF AMERICA,               HON. ROBERT J. JONKER

    Respondent.

_____/

## OPINION

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (docket # 1). The United States has not responded to Petitioner's motion. The Court has carefully reviewed Petitioner's motion and determined that an evidentiary hearing is unnecessary to the resolution of this case. *See* Rule 8, RULES GOVERNING § 2255 CASES; *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (holding that an evidentiary hearing is not required when the record conclusively shows that the petitioner is not entitled to relief).

## BACKGROUND

In June 2007, Petitioner Kurt Amundson was indicted on charges of sexual exploitation of a minor and child pornography receipt and possession. (Case No. 1:07-cr-141, docket # 1.) Under the terms of a written plea agreement (case no. 1:07-cr-141, docket # 40), Petitioner agreed to plead guilty to two counts in the indictment, one count of sexual exploitation of a minor and one forfeiture count. In that agreement, Mr. Amundson expressly waived his right "to appeal a sentence that is within or below the applicable statutory minimum and guideline range as determined by the Court at sentencing and the manner in which the sentence was determined on the grounds set forth in 18

U.S.C. § 3742 or any ground whatever." (*Id*. at ¶ 9.) He retained only the right to "appeal on grounds, preserved at sentencing, that the Court incorrectly determined the guideline range." (*Id.*) Additionally, he expressly waived his "right to challenge such a sentence and the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, § 2255." (*Id.*) The Court adopted the Magistrate Judge's recommendation that the plea agreement be accepted on September 9, 2007. (Case No. 1:07-cr-141, docket # 49.)

On December 10, 2007, the Court sentenced Mr. Amundson to 360 months imprisonment. His sentence was the statutory maximum under 18 U.S.C. § 2251(a) and within the guideline range of 360 months to life. During the sentencing, Mr. Amundson's counsel stipulated to certain enhancements to the base level of Mr. Amundson's offense, including 2-level enhancements each for sexual act or contact and for distribution. (Case No. 1:07-cr-141, docket # 76 at 7.) His counsel further stipulated that any sentence was subject to a 2-level enhancement for obstruction. (*Id*. at 8.) Mr. Amundson appealed his conviction and sentence. During the appeal, his counsel moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967), and the Sixth Circuit granted the motion. (Case no. 1:07-cr-141, docket # 88.) The Sixth Circuit also affirmed Mr. Amundson's conviction and sentence. (*Id*.) The Court held that Mr. Amundson's waiver of appeal was valid and that his sentence was procedurally and substantively reasonable. (*Id*.)

## ANALYSIS

A federal prisoner may challenge his sentence by filing in the district court where he was sentenced a motion under 28 U.S.C. § 2255. A valid section 2255 motion requires a petitioner to show that "the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the

maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255 affords relief for a claimed constitutional error only when the error had a substantial and injurious effect or influence on the proceedings. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). Non-constitutional errors generally are outside the scope of section 2255 relief, and they should afford collateral relief only when they create a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Id.* (internal quotation marks omitted).

Mr. Amundson moves to vacate his sentence under 28 U.S.C. § 2255, alleging he was denied his Sixth Amendment right to effective assistance of counsel. Mr. Amundson's ineffective assistance claims are based on four different grounds: 1) trial and appellate counsel failed to appeal the sentencing court's use of the 2007 sentencing guidelines instead of the 2004 guidelines, which was a violation of the *Ex Post Facto* Clause; 2) trial counsel failed to object to the sentencing court's obstruction of justice enhancement; 3) trial counsel failed to mount a frontal attack on the severity of the guidelines regarding sexual exploitation of minors; 4) trial counsel failed to object to the sentencing court's reliance on the government's unproven assertions regarding deterrence. Each of Mr. Amundson's claims are precluded by his plea agreement, where Mr. Amundson waived his right to collaterally attack his sentence. (Case No. 1:07-cr-141, docket # 40 at ¶ 9.) Moreover, even on the merits, Mr. Amundson's claims do not warrant relief.

## WAIVER

"[A] defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). "When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her

3

sentence, he or she is precluded from bring [sic] a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255." *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). However, "when the ineffective assistance of counsel claims relate directly to the plea agreement or the waiver," the plea agreement does not foreclose a collateral attack. *Id*. "[I]n cases where a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel under *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself." *In re Acosta*, 480 F.3d at 422. This case falls clearly on the enforceable waiver side of the line.

Indeed, the Sixth Circuit has already determined that Mr. Amundson knowingly, intelligently, and voluntarily waived his right to collaterally attack his sentence, and this Court agrees with that determination. (Case No. 1:07-cr-141, docket # 88 at 3.) Specifically, the Sixth Circuit noted that Mr. Amundson "waived his right to collaterally attack his sentence. At the guilty plea hearing, the district court directly addressed Amundson concerning his waiver, and Amundson expressed his understanding and agreement with the terms of the plea bargain." (*Id*.) The record supports this finding. At the plea hearing, the Magistrate Judge explained to Mr. Amundson his right to collaterally attack his sentence under 28 U.S.C. § 2255, and that he was "giving up that right in exchange for concessions made by the Government." (Case No. 1:07-cr-141, docket # 48 at 27-28.) Mr. Amundson stated that he understood that he was giving up the right. (*Id*. at 28.) He signed the plea agreement and stated that he did so voluntarily and under his own free will. (*Id*. at 30.)

Mr. Amundson's knowing and voluntary waiver of his right to collaterally attack his sentence is enforceable and precludes him from bringing ineffective assistance of counsel claims in a section

4

2255 motion. He does not fall under the exception that allows for such claims when they are based on allegations that a plea was involuntary or the product of ineffective assistance of counsel, because Mr. Amundson does not challenge either the voluntariness of the plea or counsel's performance in connection to it. Rather, he attacks counsel's performance as it relates to sentencing. Accordingly, Mr. Amundson waived his claims.

**MERITS**

Had the Court needed to rule to rule on Mr. Amundson's allegations, his motion would still be denied. Normally, to establish a claim of ineffective assistance, a criminal defendant must show deficient performance and actual prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000). Actual prejudice means "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The "actual prejudice" standard girds the Sixth Amendment right to effective counsel because that right is not an abstract idea recognized for its own sake, but rather a pragmatic guarantee that all criminal defendants receive a fair trial process. *Roe*, 528 U.S. at 483 (citing *United States v. Cronic*, 466 U.S. 648, 658 (1984)). "Absent some effect of challenged conduct on the reliability of the process, the effective counsel guarantee is generally not implicated." *Id.* (internal quotations omitted).

Regarding his second, third, and fourth claims, Mr. Amundson has not shown he suffered actual prejudice. *See Strickland*, 466 U.S. at 694. Mr. Amundson's allegation that his counsel was deficient for stipulating to the obstruction enhancement is without merit. As Mr. Amundson correctly notes, his co-defendant, Robert Shafer, did not receive an obstruction enhancement. The two cases can be distinguished, however, because evidence that both Mr. Amundson and Mr. Shafer

destroyed material evidence was protected by Mr. Shafer's proffer and could not be used against him. (Case No. 1:07-cr-141, docket # 73 at 57.) Mr. Amundson did not have the benefit of any such protection, and thus even if his counsel had objected to the obstruction enhancement, there is no reasonable probability that the Court would have sustained the objection. Likewise, even if his counsel had objected to the severity of the guidelines as they relate to crimes of sexual exploitation or the Court's reliance on the Government's deterrence assertions, there is no indication that Mr. Amundson would have received a different sentence because of it. The sentencing record fully expresses the Court's rationale for the guideline determinations and the actual sentence of the Court. The rationale justifies the sentence independent of the Government's deterrence theory, and is consistent with § 3553 factors independent of the guidelines.

Mr. Amundson's claim of ineffective assistance based on the failure to raise an *ex post facto* violation challenge merits more extensive discussion than his other contentions. Even though Mr. Amundson pleaded guilty to a crime that occurred in June 2004, he was sentenced under the 2007 sentencing guidelines, which were in effect at the time of his sentencing. "Guidelines policy statements provide that a sentencing court must apply the version of the Guidelines in effect at the time of sentencing unless doing so would violate the *Ex Post Facto* Clause." *United States v. Duane*, 533 F.3d 441, 447 (6th Cir. 2008). Mr. Amundson alleges that use of the 2007 guidelines was an *ex post facto* violation, since the 2007 guidelines raised his base offense level by five points and allowed two two-point sentencing enhancements (for sexual act or contact and for distribution) that did not exist in the 2004 guidelines. Mr. Amundson's guideline range, using the 2004 guidelines, would be 210 to 262 months, as opposed to the 2007 guideline range of 360 months to life. The

statutory maximum sentence for Mr. Amundson's crime is 360 months. *See* 18 U.S.C. § 2251(a), (e).

The Sixth Circuit has not yet decided "whether a change to the Guidelines even implicates the *Ex Post Facto* Clause" after *United States v. Booker*, 543 U.S. 220 (2005). *Duane*, 533 F.3d at 445. In *Duane*, the Sixth Circuit "assume[d] *arguendo* that a retroactive change to the Guidelines could implicate the *Ex Post Facto* Clause." *Id*. at 447. In an earlier decision addressing a related issue, the Sixth Circuit strongly suggested that the advisory nature of the guidelines obviates *ex post facto* concerns: "Now that the Guidelines are advisory, the Guidelines calculation provides no such guarantee of an increased sentence, which means that the Guidelines are no longer akin to statutes in their authoritativeness. As such, the Ex Post Facto Clause itself is not implicated." *United States v. Barton*, 455 F.3d 649, 655 n. 4 (6th Cir. 2006). The Seventh Circuit has expressly held that because "the ex post facto clause should apply only to laws and regulations that bind rather than advise," applying retroactively revised guidelines does not violate the Clause. *United States v. Demaree*, 459 F.3d 791, 795 (7th Cir. 2006). The Court recognizes that most circuits "have continued, post-*Booker*, to analyze whether applying revised Guidelines retroactively violates the *Ex Post Facto* Clause," *Duane*, 533 F.3d at 447, n. 1, but agrees with the reasoning and holding of *Demaree*, and the dicta of *Barton*. The guidelines for Mr. Amundson, under any version, were merely advisory. The only binding sentencing range for him was the statutory range of zero to 30 years, a range honored by the actual sentence of 360 months. A change in the sentencing guidelines–even one that increases the guideline score–does not subject Mr. Amundson to higher punishment exposure after the fact of the offense. *See Michael v. Ghee*, 498 F.3d 372, 383 (6th Cir. 2007) (the relevant inquiry is "whether the new guidelines present a significant risk of increasing the

plaintiff's amount of time served"). In both 2004 and 2007, the potential punishment was the same, a fact he knew from the plea agreement and plea colloquy. Accordingly, there is no *ex post facto* problem.

Even assuming the retroactive application of revised guidelines is an *ex post facto* violation, and that his counsel had objected to the use of the 2007 guidelines, it is not reasonably probable that the result in Mr. Amundson's case would change. Since *Booker*, the sentencing guidelines are advisory, not mandatory, and district courts may deviate from the guideline range. Here, the only concrete limits on Mr. Amundson's sentence was the 360-month statutory maximum. Moreover, a sentencing judge must consider relevant conduct when sentencing a defendant. *See United States v. Howes*, 478 F.3d 729, 733 (6th Cir. 2007) ("the Guidelines require courts to consider all relevant conduct when determining the sentencing guideline range"). "A district court may not include conduct in its sentencing calculation . . . unless the conduct at issue amounts to an offense for which a criminal defendant could potentially be incarcerated." *United States v. Shafer*, 199 F.3d 826, 831 (6th Cir. 1999). Even though Mr. Amundson only pleaded guilty to a crime that occurred in June 2004, he engaged in related conduct which could have resulted in incarceration, as outlined in the pre-sentencing report, in 2005 and 2006. *See Duane*, 533 F.3d at 448 ("because a defendant is on notice that new Guidelines will apply to previous crimes if he commits additional crimes, the defendant is not disadvantaged by the amended Guidelines . . . but by his election to continue criminal activity after the amendments became effective") (internal quotation marks omitted). The sentencing court referenced the "stomach-turning" nature of the pre-sentencing report and stated it was one reason for the imposition of the statutory maximum sentence of 360 months. (Case No. 1:07-cr-141, docket # 76 at 39, 40.) Mr. Amundson admitted, during his plea hearing, that he took

pictures of the child in question on more than one occasion, with some activity perhaps occurring later than June 2004, even "a couple years" later. (Case No. 1:07-cr-141, docket # 48 at 33.) Because the sentencing court considered Mr. Amundson's post-2004 history in the pre-sentence report and based Mr. Amundson's imprisonment term, at least in part, on the relevant conduct found in that report, it is not reasonably probable that Mr. Amundson's counsel would have changed that outcome by objecting to the use of the 2007 sentencing guidelines.

Mr. Amundson effectively waived the right to assert the collateral attacks he now brings. Even if he had not effectively waived them, he would not prevail on the merits.

An order consistent with this opinion will be entered.


Dated:    April 29, 2011          /s/ Robert J. Jonker
                                  ROBERT J. JONKER
                                  UNITED STATES DISTRICT JUDGE